UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH H. POWELL** | * | **CIVIL ACTION** |
| **Plaintiff** | | |
| | * | **NO:** |
| **versus** | | |
| | * | **SECTION:** |
| **W.L. DOGGETT, L.L.C.,** | | |
| **DOGGETT MACHINERY SERVICES,** | * | **MAGISTRATE:** |
| **L.L.C., DOGGETT CONSTRUCTION &** | | |
| **FORESTRY EQUIPMENT, L.L.C.** | * | |
| **Defendants** | | |
| | * | |

\*     \*     \*     \*     \*     \*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Joseph H. Powell, an

individual of the full age of majority and a resident and domiciliary of the Parish of Orleans, State

of Louisiana, within the Eastern District of Louisiana, and for his Complaint against Defendants,

W.L. Doggett, L.L.C., Doggett Machinery Services, L.L.C., and Doggett Construction & Forestry

Equipment, L.L.C. respectfully represents as follows:

1.

Made defendants herein are:

a) W.L. Doggett, L.L.C., a foreign corporation organized under the laws of a State other than

Louisiana, with its principal business office in Houston, Texas and with its principal place of business in Louisiana in the City of Baton Rouge.

b) Doggett Machinery Services, L.L.C., on information and belief a corporation organized under the laws of the State of Louisiana, with its principal place of business in the City of Baton Rouge.

c) Doggett Construction & Forestry Equipment, L.L.C., on information and belief a corporation organized under the laws of the State of Louisiana, with its principal place of business in the City of Baton Rouge.

## 2.
## JURISDICTION

This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as this action arises under the laws of the United States, more particularly 29 U.S.C. § 2601, *et seq.,* The Family and Medical Leave Act ("FMLA") and 29 U.S.C. §621, et seq., The Age Discrimination in Employment Act ("ADEA").   Additionally, this Honorable Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## 3.
## VENUE

Venue is proper in this Honorable Court pursuant to 28 U.S.C. §1391, as all of the events giving rise to this action occurred within the Eastern District of Louisiana

## 4.
## FACTS

Plaintiff was employed as a salesmen for Defendants beginning in July 2006.  He resigned in November 2008, but then was rehired on May 10, 2010.  His employment was later terminated

effective May 15, 2013.

5.

Beginning in about November 2012, Defendants began a pattern of terminating long-time, experienced, older employees and hiring newer, less experienced, younger employees.

6.

In January 2013, Plaintiff contracted pneumonia and was out of work from approximately January 20, 2013, through February 8, 2013.    Plaintiff returned to work on February 11, 2013, Lundi Gras.  The following day, Mardi Gras, Plaintiff was attacked and beaten by three men, resulting in extensive injuries to his arm, which required surgery, and minor injuries to his ribs and head.  Plaintiff was again out of work for an extended period of time, until approximately March 11, 2013.

7.

At no time did Defendants advise Plaintiff of his rights under the FMLA.

8.

Defendants held Plaintiff's inability to sell and failure to perform during his absence from work due to his serious medical condition against him and, on information and belief, knowing that Plaintiff was out of work for legitimate reasons, as a subterfuge or pretext, inappropriately cited them as reasons for his termination.

9.

Following Plaintiff's return to work, in March 2013,  it was announced that one of the newer, less experienced, younger employees, Matthew Adams, a 28-year-old, would be the Branch Manager.

10.

On multiple occasions, Mr. Adams made inappropriate age-related comments during sales staff meetings.

11.

Plaintiff's younger counterparts who were not meeting their budgeted amounts and/or other expectations were not terminated.

12.

On July 29, 2013, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission alleging age-based discrimination in violation of the ADEA. Exhibit "A."

13.

On August 12, 2013, the EEOC issue to Plaintiff a Dismissal and Notice of Rights.  Exhibit "B."

14.
## FAMILY AND MEDICAL LEAVE ACT

Defendants are employers, as defined in 29 U.S.C. § 2611, and, therefore, are subject to the FMLA.  Plaintiff is an eligible employee as defined in 29 U.S.C. § 2611.

15.

The foregoing actions by Defendants constitute an interference with Plaintiff's rights under the FMLA, in violation of 29 U.S.C. §2615.

16.

The foregoing actions by Defendants constitute discrimination against Plaintiff under the FMLA, in violation of 29 U.S.C. § 2615.

17.

As a result of the foregoing, Plaintiff has been injured and is entitled to recover damages, including but not limited to lost wages, salary, employment benefits or other compensation; interest; liquidated damages, reasonable attorney's fees, and reasonable expert fees and costs, all as allowed under 29 U.S.C. § 2617. Plaintiff is further entitled to all equitable relief as may be appropriate, as further provided by 29 U.S.C. § 2617.

18.
## AGE DISCRIMINATION IN EMPLOYMENT ACT

19.

The foregoing actions by Defendants constitute discrimination against Plaintiff in violation of the ADEA.

20.

As a result of the foregoing, Plaintiff is entitled to recover damages, including but not limited to back pay, liquidated damages,  reasonable attorney's fees and costs, and interest, all as allowed under 29 U.S.C. §626 and other applicable provisions.

21.
## LOUISIANA ANTI-DISCRIMINATION LAWS

The foregoing actions by Defendant constitute discrimination against Plaintiff in violation of Louisiana Revised Statute 23:312, the Louisiana Age Discrimination Employment Act.

22.

As a result of the foregoing, Plaintiff is entitled to recover damages, including but not limited to compensatory damages, back pay, benefits, front pay, reasonable attorney's fees, court costs and interest, as provided under Louisiana Revised Statute 23:303.

23.
## ABUSE OF RIGHTS

Defendants abused their rights in violation of applicable Louisiana law and doctrine in terminating Plaintiff. Plaintiff was not employed under an employment contract for a term and, therefore, was an "at will" employee. Defendants terminated Plaintiff for unlawful reasons, as set forth hereinabove. Therefore and to the extent that Defendants terminated Plaintiff's employment claiming that he was an "at will" employee, such termination violated moral rules, good faith and/or elementary fairness; and/or Defendants exercised its right to terminate Plaintiff for a purpose other than that for which it was granted.

Alternatively, if it is determined that Defendants did not terminate Plaintiff for any unlawful reason, its grounds for termination of Plaintiff were invalid and manufactured solely to create a claimed basis for Plaintiff's termination such that Plaintiff's termination violated moral rules, good faith and/or elementary fairness and/or Defendant exercised its right to terminate Plaintiff for a purpose other than that for which it was granted. As a result, Plaintiff is entitled to recover all compensatory damages available under state law.

24.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The foregoing actions by Defendants were intended to inflict and did inflict emotional distress on Plaintiff.

25.

As a result of the foregoing, Plaintiff is entitled to recover all compensatory damages available under state law.

26.

Plaintiff prays for a trial by jury on all claims.

**WHEREFORE,** Plaintiff, Joseph H. Powell, prays that this Complaint be filed and deemed sufficient and that, after all due and legal proceedings are had herein, there be Judgment in his favor and against Defendants, W.L. Doggett, L.L.C., Doggett Machinery Services, L.L.C., and Doggett Construction & Forestry Equipment, L.L.C., for all damages, including, but not limited to back pay, front pay, lost benefits, compensatory damages, liquidated damages, reasonable attorney's fees, expert fees, costs and interest. Mr. Powell further prays for a trial by jury, and for any other legal or equitable relief which may be deemed appropriate.

Respectfully submitted:

LOWE, STEIN, HOFFMAN, ALLWEISS
& HAUVER

By:_____

      MICHAEL R. ALLWEISS (2425)
      MARYNELL L. PIGLIA (20329)
      One Shell Square, Suite 3600
      701 Poydras Street, 36th Floor
      New Orleans, LA 70139-3600
      Telephone: (504) 581-2450
      Attorneys for Joseph H. Powell