UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH H. POWELL, | * | CIVIL ACTION NO. 13-CV-5572 |
| | * | SECTION "I" |
| Plaintiff, | * | |
| VERSUS | * | |
| W.L. DOGGETT, L.L.C., DOGGETT MACHINERY SERVICES, L.L.C., DOGGETT CONSTRUCTION & FORESTRY EQUIPMENT, L.L.C. | * | JUDGE LANCE M. AFRICK |
| Defendant. | * | MAGISTRATE JUDGE CHASEZ |

*********************************************

### DEFENDANTS' MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

W.L. Doggett, L.L.C. and Doggett Machinery Services, L.L.C. ("Defendants") respectfully submit this Memorandum in Support of their Motion to Dismiss Joseph Powell's ("Plaintiff") Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's Complaint should be dismissed because he fails to plead sufficient facts that would give rise to any liability by defendants.

### General Background and Facts Alleged

Plaintiff was initially hired as a salesman by W.L. Doggett, L.L.C., in July 2006 and resigned in November of 2008.[2] Plaintiff was rehired as a salesman in May 2010.[3] He missed work from January 10, 2013 until February 8, 2013 due to a case of pneumonia.[4] One day after his return to work, on Mardi Gras Day, plaintiff sustained an unrelated to work injury to his arm

---

[2] Complaint (Doc. No. 1) at ¶ 4.
[3] Id.
[4] Id. at ¶ 6.

1

467190.5

and minor injuries to his ribs and head and was consequently out of work again until approximately March 11, 2013.[5] Plaintiff was terminated effective May 15, 2013.[6]

After he received a right to sue letter from the EEOC in response to his charge of discrimination for age discrimination, plaintiff filed this Complaint on August 27, 2013 alleging that his termination violated the Family Medical Leave Act ("FMLA"), the Age Discrimination in Employment Act ("ADEA"), the Louisiana Age Discrimination Act, abuse of rights and intentional infliction of emotional distress.[7]

The Complaint contains only vague factual allegations.[8] Plaintiff complains that defendants failed to advise him of his rights under the FMLA.[9] He further alleges that "[b]eginning in about November 2012, Defendants began a pattern of terminating long-time experienced, order employees and hiring newer, less experienced, younger employees."[10] He alleges that a new branch manager made "inappropriate age-related comments during sales staff meetings" and alleges, without providing any names or details that his "younger counterparts who were not meeting their budgeted amounts and/or other expectations were not terminated."[11]

---

[5] *Id.*
[6] *Id.* at ¶ 4.
[7] Doc. No. 1. at ¶¶ 4, 12, 13. Contrary to the allegations in paragraph 12 of the Complaint, the EEOC Charge was not attached to plaintiff's Complaint.
[8] Of the ten (10) paragraphs under a general heading "Facts," two paragraphs outline plaintiff's submission of a complaint to the U.S. Equal Employment Opportunity Commission. The other eight (8) at most allege that he was employed by one of the named defendants, though he does not specify which one, and that he was terminated. (Court Doc. No. 1 at paras 12 & 13).
[9] Doc. No. 1 at ¶ 7.
[10] Doc. No. 1 at ¶ 5.
[11] Doc. No. 1 at ¶¶ 10, 11.

2

## Law and Argument

### A. Standard for Adequacy of the Pleadings to Survive a Motion To Dismiss.

A motion to dismiss pursuant to federal Rule of Civil Procedure 12(b)(6) must be granted if, when "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff," the plaintiff failed to state a claim upon which relief can be granted.[12] Federal Rule of Civil Procedure 8(a) provides the standard by which the adequacy of a pleading is tested by the federal courts. Specifically, a plaintiff must allege in the Complaint all of the elements of a right to recover against a defendant.[13] In *Bell Atlantic Corp. v. Twombly*,[14] and *Ashcroft v. Iqbal*,[15] the United States Supreme Court held that to satisfy the minimum pleading requirement of Rule 8, the complaint must contain "sufficient factual allegations" that, if accepted as true, "[s]tate a claim to relief that is plausible on its face."[16] The Supreme Court explained that a claim is plausible on its face "[w]hen the pleaded *factual* content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] Bare assertions, unsupported allegations, conclusory statements, or circular conclusions are insufficient to defeat a motion to dismiss.[18] When the allegations in a Complaint, if accepted as true, cannot raise a claim of entitlement to relief, "[t]his basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."[19]

---

[12] *See Stokes v. Gann,* 498 F.3d 483, 484 (5th Cir.2007).
[13] Fed. R. Civ. P. 8(a)(2). *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).
[14] 550 U.S. 544 (2007).
[15] 129 S. Ct. 1937 (2009).
[16] 129 S.Ct. at 1940 (citing *Twombly*, 550 U.S. at 570).
[17] *Iqbal*, 129 S.Ct. at 1940, *citing Twombly,* 550 U.S. at 556 (emphasis added).
[18] *Twombly*, 550 U.S. at 556-57; *see also Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.)
[19] *Twombly*, 127 S. Ct. at 1966.

3

In his Complaint, Plaintiff mainly recites the elements of the alleged causes of action and makes several bare assertions and unsupported allegations that do not meet the pleading requirement. Plaintiff fails to allege or aver how any of his stated "Facts" are linked to his alleged causes of action.[20] As further set for the below, Plaintiff fails to meet the requirements of Rule 8(a); therefore, his claims must be dismissed under Rule 12(b)(6).

**B.  Plaintiff Fails to Plead Sufficient Facts.**

In his Complaint, Plaintiff sets forth five potential causes of action. Each is set forth in different counts but all rely on the same set of facts recited in Complaint Paragraphs (4) – (13). When read together, the facts Plaintiff alleged fail to state a claim for relief plausible on their face.

    1.    <u>Plaintiff failed to allege any facts that support an FMLA Interference or Discrimination claim.</u>

Plaintiff's first cause of action is that his rights under the FMLA were interfered with and that he was discriminated against in violation of 29 U.S.C. § 2615. Section 2615 prohibits an employer from interfering with, restraining, or denying the exercise or attempt to exercise any right provided by the FMLA and prohibits discharge or discrimination for opposing a practice made unlawful by the FMLA. Plaintiff failed to allege any facts that would support an FMLA interference claim. He neither alleged that he was FMLA eligible, nor that he suffered from a serious health condition, nor that his FMLA rights were denied, nor that he was terminated for having exercised rights under the FMLA. The only factual allegation in the Complaint concerning the FMLA is plaintiff's allegation that Defendants failed to provide plaintiff with notice of his FMLA rights.[21] While FMLA itself does not contain a specific requirement

---

[20] Causes of Action set forth in Doc. No. 1 at ¶¶. 14-25.
[21] Doc. No. 1 at ¶ 7.

4

governing notice to employees,[22] a notice requirement is contained in the interpreting regulations prescribed by the Secretary of Labor.[23]

Pursuant to 29 C.F.R. 825.300(e), the failure to follow the notice requirements *may* constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights if actual losses of benefits, compensation or other damages were sustained "as a direct result of the violation."[24] Plaintiff's Complaint provides no allegation that he was prejudiced in any way or suffered any losses as a result of failing to receive FMLA notice. In fact, the opposite can be gleamed from Paragraphs 6 and 9 of the Complaint. In both Paragraphs, Plaintiff admits that he was absent from work for long periods of time, but returned to his position of salesman. There are no allegations that he was prohibited from returning to his prior position, that he was prohibited from taking time off or that any time off was calculated as FMLA time. Therefore, Plaintiff cannot sustain a cause of action for FMLA interference for Doggett's alleged failure to provide notice of FMLA rights.

Plaintiff's vague and factually unsupported allegation that "actions by Defendants' constitute discrimination against Plaintiff under the FMLA," is nothing but a recital of the elements of a cause of action, supported by mere conclusory statements, which do not satisfy the minimum pleadings standard of Rule 8. To make a *prima facie* case for retaliatory discharge under the FMLA, a plaintiff must show that (1) he engaged in a protected activity, (2) the employee discharged him, and (3) there is a causal link between the protected activity and the discharge.[25] In the Complaint, Plaintiff fails to allege that he engaged in an activity protected by

---

[22] *See Downey v. Strain*, 510 F.3d 534, 537-538 (5th Cir. 2007).
[23] See 29 C.F.R. § 825.300.
[24] See also *Ragasdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 96, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002); *Downey*, 510 F.3d at 540.
[25] *Richardson v. Monitronics Intern., Inc.*, 434 F.3d 327, 326 (5th Cir. 2005); *see also Hunt v. Rapides Healtcare Sys., Inc.*, 277 F.3d 757, 768 (5th Cir. 2001).

the FMLA. He does not allege he was on FMLA leave or that the terms or conditions of his employment were in any way affected while he was absent. Plaintiff does not even allege, much less provide any supporting facts, that his termination had a causal connection with his exercise or intent to exercise FMLA rights. The only paragraph that remotely discusses protection under the FMLA is Paragraph 8. In this Paragraph, Plaintiff alleges that "on information and belief" Doggett cited his failure to perform as a pretext for Plaintiff's termination. This paragraph is merely a bare assertion and conclusory allegation insufficient to meet the pleading requirements.[26] The Paragraph does not set forth what performance issues were cited or that the performance issues occurred while he was absent from work. No other allegation is made within the Complaint to support a *prima facie* claim for discrimination under the FMLA; therefore, Plaintiff's FMLA claims must be dismissed.

    2.    <u>Plaintiff failed to allege sufficient fact, which would support an Age Discrimination in Employment Act violation.</u>

Plaintiff's second cause is that "the foregoing actions constitute discrimination against Plaintiff in violation of the ADEA." To establish a cause of action for an ADEA violation a plaintiff must prove that (1) he was discharged, (2) he was qualified for his position, (3) he was within the protected class and (4) he was replaced by someone outside the protected class, someone younger, or was otherwise discharged because of his age.[27]

Plaintiff failed to plead sufficient facts to show that a *prima facie* case of age discrimination is plausible. Plaintiff vaguely asserts that *older* employees were replaced by

---

[26] *Iqbal*, 129 S.Ct. at 1949; *Sullivan v. Leor Energy, LLC.*, 600 F.3d 542, 546 (5th Cir. 2010), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")
[27] *Berquist v. Washington Mutual Bank*, 500 F.3d 344, 349 (5th Cir. 2007), *Roper v. Exxon Corp.*, 27 F.Supp.2d 679, 682 (E.D. La. 1998).

*younger* employees and that age-related comments were made during sales meetings.[28] However, he both fails to allege that any of the "older workers" were over forty (40), a prerequisite to ADEA liability, or that the "age-related comments" regarded workers over the age of forty (40). Without providing factual support, plaintiff also alleges that *younger* counterparts that failed to meet their budget were not terminated.[29] Such unsupported conclusory allegation does not meet the minimum pleading standard.

Plaintiff also failed to allege that he was replaced by an employee outside of the protected class or significantly younger than him or his termination was due to his age. In fact, nowhere in the Complaint does he state what his age is or that any decision maker was aware of his age, thus failing to aver that he is a member of a protected class. The general allegation that younger persons not meeting budget were retained does not assert the converse, that older workers were terminated for failure to meet budget. Additionally, the complaint that Doggett began terminating long-time employees and hiring newer employees does not support Plaintiff's ADEA claim either, because he fails to provide factual support for how such an alleged practice affected his employment. Moreover, the fact that a 28-year-old was hired for a position completely different than that of Plaintiff's is of no moment to this Court. Plaintiff's age discrimination claim should be dismissed for failure to state any facts that support elements 2-4 of a *prima facie* case.

Plaintiff also failed to allege any facts that would support a pretext finding. Vague age related statements, as alleged in this Complaint, are insufficient to establish age discrimination. It is established law in this Circuit that age-based comments are evidence of age discrimination only if they are direct and unambiguous and allow a reasonable jury to conclude without any

---

[28] Doc. No. 1 at paras. 5 &10.
[29] Id. at para. 11.

inferences or presumptions that age was the determinative factor in the decision to terminate an employee.[30] For example, in *Waggoner v. City of Garland, Tex.*,[31] the Fifth Circuit held that a statement that a younger person could do faster work and reference to plaintiff as an "old fart" was insufficient to establish age discrimination.[32] Plaintiff's allegation in Paragraph 10 of the Complaint that "Mr. Adams made inappropriate age-relatd comments during sales staff meetings" is much more vague than the statements alleged in *Waggoner*.

    3.    <u>Plaintiff failed to allege sufficient facts, which would support a Louisiana Age Discrimination Claim.</u>

Without any additional factual support, plaintiff alleges that "defendants' actions" also violate the Louisiana Age Discrimination Act, codified in La. R.S. 23:312. "The Louisiana Act mirrors the federal ADEA and should be construed in light of federal precedent."[33] Therefore, Plaintiff's alleged cause of action under the Louisiana Age Discrimination Act must be dismissed for the same reasons as those stated in Section 2 above.

    4.    <u>No valid Abuse of Rights claim exists.</u>

Plaintiff's claim must also be dismissed because he cannot establish a valid abuse of rights of claim. The abuse of rights doctrine was first promulgated in *Morse v. J. Ray McDermott & Co.*[34] It applies when a legal right is exercised for the purpose of harming another

---

[30] *Wyvill v. United Companies Life Ins.* Co., 212 F.3d 296, 304 (5th Cir. 2000)( Age-related comments made by employer's chief executive officer (CEO), including that older employees were too old to get job done and should be terminated and that he wanted young, aggressive group of people in company, were insufficient to create inference of age discrimination for purposes of establishing that employees were discharged in violation of ADEA.)

[31] 987 F.2d 1160, 1166 (5th Cir.1993)

[32] *See e.g. Turner v. North Am. Rubber, Inc.*, 979 F.2d 55, 59 (5th Cir.1992) (comment that plaintiff was being sent "three young tigers" to assist with operations was insufficient to show discrimination because the comments were vague and too remote in time); *Elliott v. Group Medical & Surgical Serv.*, 714 F.2d 556, 565 (5th Cir.1983), cert. denied, 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984) (employer's statement that he wanted "new blood" and a "lean and mean team" did not show age discrimination).

[33] *Taylor v. Oakbourne Country Club*, 95-388 (La.App. 3d Cir.10/04/95), 663 So.2d 379.

[34] 344 So.2d 1353 (La. 1977).


without benefit to the owner or exercising a right for a purpose other than that for which it was granted.[35]

The abuse of rights doctrine has been invoked sparingly in Louisiana.[36] It is a civilian concept which is applied "only in limited circumstances because its application renders unenforceable one's otherwise judicially protected rights."[37] The abuse of rights doctrine is typically applied in situations involving the cancellation of insurance coverage.[38] Although the insurer may have a right to modify or cancel the policy, courts have held public policy considerations may prevent the insurer from exercising this right.[39] To justify application of the abuse of rights doctrine, one of the following conditions must be met:

(1) the predominant motive for exercise of the right is to cause harm;

(2) there is no serious or legitimate motive for exercise of the right;

(3) the exercise of the right violates moral rules, good faith, or elementary fairness; or

(4) the exercise of the right is for a purpose other than that for which it was granted.[40]

In his Complaint, plaintiff merely refers to the vague factual allegations and recites the black letter law from the abuse of rights tort. He fails to specifically allege a fact that could support a claim for abuse of rights. The unsupported and conclusory allegation that plaintiff was wrongfully terminated does not satisfy the pleading requirements for an abuse of rights claim.[41] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

---

[35] *Id.*
[36] *Id.*, at 790.
[37] *Coleman*, 418 F.3d at 524; *citing Truschinger v. Pak*, 513 So.2d 1151, 1154 (La. 1987); *see also. Johnson v. KTBS, Inc.*, 39,022 (La. App. 2 Cir. 11/23/04), 889 So.2d 329, 334.
[38] *Mixon v. Iberia Surgical, L.L.C.*, 2006-878 (La. App. 3 Cir. 8/18/07), 956 So.2d 76, 81.
[39] *Id.; see James v. State*, 93-0902 (La. App. 1 Cir. 4/8/94), 636 So.2d 1017 (the abuse of rights doctrine prohibited a State group health insurance plan from applying a benefit modification to an individual who was previously diagnosed and treated for cancer).
[40] *Coleman v. School Bd. Of Richland Parish*, 418 F.3d 511, 524 (5th Cir. 2005), *citing Oliver v. Cent. Bank*, 26,932 (La.App. 2d Cir. 5/1//95), 658 So.2d 1316, 1321
[41] *See Howard v. Town of Jonesville*, 935 F.Supp. 855, 863 (W.D. La. 1996) (employment discrimination claims did not satisfy abuse of rights requirements.).

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[42] For this reason, Plaintiff's abuse of rights claim must be dismissed.

     5.    <u>Plaintiff's Intentional Infliction of Emotion Distress claim lacks credibility and must be dismissed.</u>

There are three elements to a claim for intentional infliction of emotional distress under Louisiana law: (1) that defendants' conduct was so extreme in degree and so outrageous in character that it went beyond all bounds of decency and was utterly intolerable in a civilized community; (2) that such conduct caused severe emotional distress; and (3) that defendants' intended, by performing the acts complained of, to inflict severe emotional distress on plaintiff, or that defendants knew that such severe emotional distress would be certain or "substantially certain" to result from the conduct.[43] The conduct complained of "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[44] "Liability," however, "does not extend to mere insults, indignities, threats, annoyance, petty oppressions, or other trivialities."[45] Even illegal discriminatory conduct is usually insufficient to reach the level of outrageousness necessary to state a claim for intentional infliction of emotional distress.[46] Plaintiff fails to assert any factual allegation that an action by Defendants was so extreme to have

---

[42] *Sullivan v. Leor Energy, LLC.*, 600 F.3d 542, 546 (5th Cir. 2010), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[43] *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 514 (5th Cir. 1994), *citing White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La.1991).
[44] *Id.*
[45] *Id.*
[46] *White*, 585 So.2d at 1209; *Beaudoin v. Hartford Accident & Indemnity Co.*, 90-863 (La. App. 3 Cir. 2/12/92), 594 So.2d 1049.

caused damage. Again the mere assertion of a legal conclusion is insufficient to allege a cause of action.[47]

## Conclusion

Plaintiff's Complaint is based on nothing but vague and conclusory statements and a formulaic recitation of the elements of a cause of action. None of the eight (8) fact specific paragraphs contain any support for the alleged causes of action. Plaintiff alleges that older employees were terminated and younger ones were hired, but did not set forth a pattern and practice claim of Age Discrimination or suggest the reason terminations occurred was because of or motivated by age. Plaintiff alleges that he did not receive notice of his FMLA rights, but fails to allege how or if he was prejudiced. He further alleges that poor performance was given as a reason for his termination despite his absence of work for a serious medical condition, but fails to set forth what this condition was, whether it qualified for FMLA leave, or that he in fact did not underperform. The Complaint should be dismissed in its entirety, or alternatively in part, for failure to state a cause of action under which relief may be granted in accordance with the Supreme Court's guidance in *Twombly* and *Iqbal*.

Respectfully submitted,

/s/ Kyle A. Ferachi
**Kyle A. Ferachi, T.A.,**
**La. Bar No. 27458**
McGlinchey Stafford, PLLC
301 Main Street, Fourteenth Floor
Baton Rouge, Louisiana 70801
Telephone: (225) 383-9000
Telecopier: (225) 343-3076

---

[47] *see Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

        **STEPHEN P. BEISER**
La. Bar No. 14074
**SUSANNE U. VETERS**
La. Bar No. 27361
MCGLINCHEY STAFFORD PLLC
601 Poydras Street – 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200
Facsimile (504) 324-0965

**ATTORNEYS IN CHARGE FOR DEFENDANT W.L. DOGGETT, L.L.C., DOGGETT MACHINERY SERVICES, L.L.C**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel listed below via the Court's CM/ECF system on this 30th day of October, 2013.

Marynell L. Piglia
Lowe, Stein, Hoffman, Allweiss & Harver, LLP
One Shell Square, Ste 3600
701 Poydras St
New Orleans, LA 70139

/s/Kyle A. Ferachi
**KYLE A. FERACHI**