UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH H. POWELL**<br>  Plaintiff | * | CIVIL ACTION |
| | * | NO: |
| versus | | |
| | * | SECTION: |
| **W.L. DOGGETT, L.L.C.,**<br>**DOGGETT MACHINERY SERVICES,**<br>**L.L.C., DOGGETT CONSTRUCTION &**<br>**FORESTRY EQUIPMENT, L.L.C.**<br>  Defendants | * | MAGISTRATE: |
| | * | |

\* \* \* \* \* \*

**FIRST AMENDED COMPLAINT**

   **NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Joseph H. Powell, an individual of the full age of majority and a resident and domiciliary of the Parish of Orleans, State of Louisiana, within the Eastern District of Louisiana, and for his First Amended Complaint against Defendants, W.L. Doggett, L.L.C., Doggett Machinery Services, L.L.C., and Doggett Construction & Forestry Equipment, L.L.C. respectfully represents as follows:

I.

   Plaintiff incorporates herein by reference all allegations of his original Complaint, as if copied herein *in extenso*, except to the extent that they are specifically amended hereinbelow.



II.

Plaintiff adds the following paragraph:

4.a.

Plaintiff is 55 years old and, at all pertinent times, was a member of the protected class under the ADEA. Plaintiff's co-workers, including his supervisors and those responsible for his termination, were aware that Plaintiff was over 40 years of age.

III.

Plaintiff amends paragraph 5. of his original Complaint, to read as follows:

Beginning in about November 2012, Defendants began a pattern of terminating long-time, experienced, employees who were over 40 years of age, and hiring newer, less experienced, employees who were under 40 years of age.

IV.

Plaintiff amends paragraph 6. of his original Complaint, to read as follows:

6.

In January 2013, Plaintiff contracted pneumonia and was out of work from approximately January 20, 2013, through February 8, 2013. Plaintiff returned to work on February 11, 2013, Lundi Gras. The following day, Mardi Gras, Plaintiff was attacked and beaten by three men, resulting in extensive injuries to his arm, which required surgery, and minor injuries to his ribs and head. Plaintiff was again out of work for an extended period of time, until approximately March 11, 2013. Both pneumonia and surgery qualify as serious health conditions for purposes of the FMLA.

V.

Plaintiff amends paragraph 7. of original Complaint, to read as follows:

Although plaintiff was qualified for FMLA leave both due to his pneumonia and due to his surgery, at no time did Defendants advise Plaintiff of his rights under the FMLA, thereby denying

Plaintiff his right to leave under the FMLA.

VI.

Plaintiff amends paragraph 10. of his original Complaint, to read as follows:

10.

On multiple occasions, Mr. Adams made inappropriate age-related comments directed at Plaintiff during sales staff meetings, such as "Joey (Plaintiff) thinks we're young and dumb." Mr. Adams also referred to Plaintiff as "the old man."

VII.

Plaintiff amends paragraph 11. of his original Complaint, to read as follows:

11.

Plaintiff's much younger counterparts, who were under 40 years of age, and who were not meeting their budgeted amounts and/or other expectations were not terminated.

VIII.

Plaintiff adds the following paragraph:

11.a.

Plaintiff was replaced by a twenty-eight (28) year old.

IX.

Plaintiff amends paragraph 15. of his original Complaint, to read as follows:

15.

Defendants failure to advise Plaintiff of his rights under the FMLA, their depriving Plaintiff of leave under the FMLA, and their holding Plaintiff's inability to sell and failure to perform during his absence from work due to his serious health condition against him in judging his job performance and in terminating his employment constitute interference with Plaintiff's rights under the FMLA, in

violation of 29 U.S.C. §2615.

X.

Plaintiff amends paragraph 16. of his original Complaint, to read as follows:

16.

Defendants' holding Plaintiff's inability to sell and failure to perform during his absence from work due to his serious health condition against him in judging his job performance and in terminating his employment constitutes discrimination against Plaintiff under the FMLA, in violation of 29 U.S.C. § 2615.

XI.

Plaintiff amends paragraph 19. of his original Complaint, to read as follows:

19.

Defendants terminated Plaintiff because of his age, in violation of the ADEA.

XII.

Plaintiff amends paragraph 21. of his original Complaint, to read as follows:

21.

Defendants terminated Plaintiff because of his age, in violation of Louisiana Revised Statute 23:312, the Louisiana Age Discrimination Employment Act.

XIII.

Plaintiff amends paragraph 24. of his original Complaint, to read as follows:

The foregoing extreme and outrageous actions by Defendants were intended to inflict and did inflict severe emotional distress on Plaintiff, or, alternatively, Defendants knew that severe emotional distress was certain or substantially certain to flow from their actions.

**WHEREFORE**, Plaintiff, Joseph H. Powell, prays that this First Amended Complaint be filed and deemed sufficient and that, after all due and legal proceedings are had herein, there be Judgment in his favor and against Defendants, W.L. Doggett, L.L.C., Doggett Machinery Services, L.L.C., and Doggett Construction & Forestry Equipment, L.L.C., for all damages, including, but not limited to back pay, front pay, lost benefits, compensatory damages, liquidated damages, reasonable attorney's fees, expert fees, costs and interest. Mr. Powell further prays for a trial by jury, and for any other legal or equitable relief which may be deemed appropriate.

**Respectfully submitted:**

**LOWE, STEIN, HOFFMAN, ALLWEISS & HAUVER**

By: ___/s/ Marynell L. Piglia___
    **MICHAEL R. ALLWEISS (2425)**
    **MARYNELL L. PIGLIA (20329)**
    **One Shell Square, Suite 3600**
    **701 Poydras Street, 36th Floor**
    **New Orleans, LA 70139-3600**
    **Telephone: (504) 581-2450**
    **Attorneys for Joseph H. Powell**