UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH H. POWELL, | * | CIVIL ACTION NO. 13-CV-5572 |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | SECTION I |
| | * | |
| W.L. DOGGETT, L.L.C., DOGGETT | * | JUDGE LANCE AFRICK |
| MACHINERY SERVICES, L.L.C. DOGGETT | * | |
| CONSTRUCTION & FORESTRY EQUIPMENT, | | |
| L.L.C, | | |
| | | |
| Defendant. | * | MAGISTRATE ALMA CHASEZ |
| | * | |

*********************************************

## W.L. DOGGETT, L.L.C.'S ORIGINAL ANSWER

NOW INTO COURT, through undersigned counsel, come defendant W.L. Doggett, L.L.C. AND Doggett Machinery Services, L.L.C. ("collectively referred to as Defendants or Doggett") by and through its undersigned counsel of record, and hereby answers the Complaint and Amended Complaint filed by the Plaintiff, Joseph Powell (the "Plaintiff" or "Powell"), as follows, and denies each and every allegation of the Complaint unless hereinafter specifically admitted, and respectfully submits the following responses to the Complaint as follows:

### ANSWER TO ORIGINAL COMPLAINT

1.

a) W.L. Doggett, L.L.C. admits it is a foreign limited liability company with a principal place of business in Houston, TX.

b) Doggett Machinery Services, L.L.C. admits it is a foreign limited liability company with a principal place of business in Houston, TX.

467147.3

c) Defendants deny the allegation contained in paragraph 1(c). No known Doggett entity exists named Doggett Construction & Forestry Equipment, L.L.C.

2.

Jurisdiction of this Court is admitted. However, to the extent the allegations contained in paragraph 2. of the Complaint allege the fault, negligence, or liability of Defendants, such allegations are denied.

3.

Venue is admitted. However, to the extent the allegations contained in paragraph 3. of the Complaint allege the fault, negligence, or liability of Defendants, such allegations are denied.

4.

The allegations contained in Paragraph 4. of Plaintiff's Complaint are admitted.

5.

The allegations contained in Paragraph 5. of Plaintiff's Complaint are denied.

6.

The allegations contained in Paragraph 6. of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7. of Plaintiff's Complaint are denied to the extent they allege the fault, negligence or liability of Defendants.

8.

The allegations contained in Paragraph 8. of Plaintiff's Complaint are denied.

9.

The allegations contained in Paragraph 9. of Plaintiff's Complaint are denied as written.

467147.3

10.

The allegations contained in Paragraph 10. of Plaintiff's Complaint are denied.

11.

The allegations contained in Paragraph 11. of Plaintiff's Complaint are denied.

12.

The allegations contained in Paragraph 12. of Plaintiff's Complaint are admitted inasmuch as Plaintiff filed an EEOC charge. However, to the extent the allegations contained in paragraph 12 of the Complaint allege the fault, negligence, or liability of Defendants, such allegations are denied.

13.

The allegations contained in Paragraph 13. of Plaintiff's Complaint are admitted inasmuch as the EEOC issued a Dismissal and Notice of Rights. However, to the extent the allegations contained in paragraph 13. of the Complaint allege the fault, negligence, or liability of Defendants, such allegations are denied.

14.

The allegations contained in Paragraph 14. of Plaintiff's Complaint are admitted.

15.

The allegations contained in Paragraph 15. of Plaintiff's Complaint are denied.

16.

The allegations contained in Paragraph 16. of Plaintiff's Complaint are denied.

17.

The allegations contained in Paragraph 17. of Plaintiff's Complaint are denied.

18.

The allegations contained in Paragraph 18. of Plaintiff's Complaint do not require a response as it is merely a title. However, to the extent the allegations contained in paragraph 18 of the Complaint allege the fault, negligence, or liability of Defendants, such allegations are denied.

19.

The allegations contained in Paragraph 19. of Plaintiff's Complaint are denied.

20.

The allegations contained in Paragraph 20. of Plaintiff's Complaint are denied.

21.

The allegations contained in Paragraph 21. of Plaintiff's Complaint are denied.

22.

The allegations contained in Paragraph 22. of Plaintiff's Complaint are denied.

23.

The allegations contained in Paragraph 23. of Plaintiff's Complaint are denied.

24.

The allegations contained in Paragraph 24. of Plaintiff's Complaint are denied.

25.

The allegations contained in Paragraph 25. of Plaintiff's Complaint are denied.

26.

The allegations contained in Paragraph 26. of Plaintiff's Complaint do not require a response from Defendants.

467147.3

27.

As for Plaintiff's unnumbered paragraph beginning with "WHEREFORE," the allegations contained therein are denied.

## ANSWER TO FIRST AMENDED COMPLAINT

I.

The allegations contained in Paragraph I. of Plaintiff's First Amended Complaint are denied to the extend any of the prior allegations alleged the fault, negligence or liability of Defendants. Defendants adopt its Answer to the Original Complaint as if copied herein *in extenso*.

II.

The allegations in Paragraph II. of Plaintiff's First Amended Complaint, including subsection 4.a., are denied for lack of sufficient information to justify a belief therein.

III.

The allegations in Paragraph III. of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations in Paragraph IV. of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

V.

The allegations in Paragraph V. of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations in Paragraph VI. of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

467147.3

VII.

The allegations in Paragraph VII. of Plaintiff's First Amended Complaint are denied.

VIII.

The allegations in Paragraph VIII. of Plaintiff's First Amended Complaint, including new paragraph 11.a., are denied.

IX.

The allegations in Paragraph IX. of Plaintiff's First Amended Complaint are denied.

XI.

The allegations in Paragraph XI. of Plaintiff's First Amended Complaint are denied.

XII.

The allegations in Paragraph XII. of Plaintiff's First Amended Complaint are denied.

XIII.

The allegations in Paragraph XIII. of Plaintiff's First Amended Complaint are denied.

28.

As for Plaintiff's unnumbered paragraph beginning with "WHEREFORE," the allegations contained therein are denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any matter on which the Plaintiff bears the burden of proof, Defendants hereby assert the following affirmative defenses:

## FIRST DEFENSE

Plaintiff's Complaint and First Amended Complaint fail to state a claim against Defendants upon which relief can be granted.

467147.3

**SECOND DEFENSE**

At all times Powell was employed at-will by her former employer and was subject to discharge from employment at any time with or without cause.

**THIRD DEFENSE**

All decisions regarding the employment of Powell were made for legitimate, non-discriminatory, non-retaliatory reasons. At all times relevant to this lawsuit, Powell acted in good faith, for legal cause, and did not violate any applicable law, rule, regulation or guideline.

**FOURTH DEFENSE**

Powell's claims are barred in whole and in part under the doctrines of laches, waiver, estoppel and/or novation, applicable statute(s) of limitations and administrative prerequisites.

**FIFTH DEFENSE**

Powell failed to mitigate her damages, if any, the existence of which are specifically denied.

**SIXTH DEFENSE**

Plaintiff is not entitled to attorney's fees.

**SEVENTH DEFENSE**

If any damage(s) occurred, which is not admitted, but strictly denied by Defendant, such damages were caused by some person, persons or entity for whom Defendant is not legally responsible.

**EIGHTH DEFENSE**

The requested relief, if any, is subject to limitation by any applicable statutory damages cap.

467147.3

## NINTH DEFENSE

Defendant took, and continues to take, reasonable steps for the prevention and correction of unlawful discrimination, but Powell failed to take advantage of any prevention or corrective opportunities provided.

## TENTH DEFENSE

Defendant affirmatively pleads the "same actor" defense.

## ELEVENTH DEFENSE

Plaintiff's claims are frivolous, made in bad faith and/or without merit, entitling Powell to an award of reasonable damages incurred as a result of this suit, reasonable attorneys' fees and court costs.

## TWELFTH DEFENSE

There are legitimate, non-discriminatory reasons for all actions taken with respect to Powell's employment with Defendants and Defendants took no employment actions with respect to plaintiff as a pretext for discrimination.

## THIRTEENTH DEFENSE

Alternatively, Defendants acted in good faith and for just cause at all times relevant to the plaintiff's Complaint and First Amended Complaint. Defendants deny that Powell's complaint of workplace discrimination, if any complaint was made, played any role whatsoever in any decision regarding his employment with Defendants. Defendants assert that the same action would have been taken irrespective of the plaintiff's alleged complaints.

## FOURTEENTH DEFENSE

Defendants reserves the right to assert any additional affirmative defense(s) that may be discovered during the course of additional investigation and discovery.

467147.3

## FIFTEENTH DEFENSE

Plaintiff presents no direct evidence of retaliation.

## SIXTEENTH DEFENSE

Plaintiff presents no prima facie case for retaliation.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because they are outside of the scope of Powell's charge of discrimination.

## EIGHTEENTH DEFENSE

If any damage(s) occurred, which is not admitted, but strictly denied by Defendants, such damages were caused by some person, persons or entity for whom Defendants are not legally responsible.

## NINETEENTH DEFENSE

Defendants had no knowledge, and should not have had knowledge, of the alleged discrimination and/or retaliation of Plaintiff prior to receiving a copy of the Complaint.

## TWENTIETH DEFENSE

Defendant acted in good faith at all times with regard to plaintiff's employment and his eventual voluntary separation from employment.

## TWENTY-FIRST DEFENSE

Plaintiff cannot establish any conduct by Defendants toward Plaintiff that they were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

## TWENTY-SECOND DEFENSE

Any conduct complained of by Plaintiff regarding an intentional infliction of emotional distress or abuse of rights was permissible conduct.

467147.3

WHEREFORE, the defendants, W.L. DOGGETT, L.L.C. AND DOGGETT MACHINERY SERVICES, L.L.C. pray that this Answer be deemed good and sufficient and that, after all due proceedings are had, there be judgment in their favor and against the Plaintiff, dismissing the Plaintiff's claims, with prejudice, at Plaintiff's cost.

By: *_/s/ Kyle A. Ferachi_*
**KYLE A. FERACHI**
State Bar No. 24072624
1001 McKinney, Suite 1500
Houston, TX 77002
(713) 520-1900
(713) 520-1025 (fax)

**STEPHEN P. BEISER**
State Bar No. T.A. (#14074)
MCGLINCHEY STAFFORD PLLC
601 Poydras Street – 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200
Facsimile (504) 324-0965
**SUSANNE U. VETERS**
State Bar No. (#27361)

**ATTORNEYS IN CHARGE FOR DEFENDANT W.L. DOGGETT, L.L.C., DOGGETT MACHINERY SERVICES, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via the Court's CM/ECF system on this 27th day of November, 2013.

/s/ Kyle A. Ferachi
**KYLE A. FERACHI**

467147.3